FREEMAN COBURN *vs.* JEREMIAH J. HALEY & another.

An assertion in his bond for the sale of land that the obligor is "possessed and seized in fee" of the premises, when in fact he has only a bond for a deed thereof from the real owner, is, between the original parties thereto, a good defense to a promissory note given in consideration of the bond.

And, in such case, the maker of the note may rely upon the misrepresentation in defense without returning the bond.

Coburn *v.* Haley.

ON REPORT.

ASSUMPSIT on a promissory note by the payee against the maker.

The plaintiff having an equitable title to a certain parcel of land in February, 1867, caused it to be conveyed to one Jennings, as security for one hundred and eighty-eight dollars, whereupon, on the same day, Jennings gave the plaintiff a bond conditioned to convey to him, by quitclaim deed, the land, on the payment within one year of the amount above mentioned, and interest.

Subsequently, and before the expiration of the year, to wit, on the 16th of May, 1867, the plaintiff executed and delivered to the defendants a bond asserting that the plaintiff " is possessed and seized in fee " of the land therein described and conditioned; that the plaintiff will convey the same to the defendants on the payment by them of $700, according to the tenor of several promissory notes given by the defendants in consideration of the bond, the first of which is the one in suit.

The bond from Jennings to the plaintiff was, while in force, conditionally assigned to one Turner, and the condition having been fulfilled, the bond reverted to the plaintiff, and expired in February, 1868. Thereupon Jennings claimed a forfeiture, but waived it, and on the 30th of June, 1868, renewed the bond for one year.

It appeared that the plaintiff had no other title to the land, that none of the notes given by the defendants to the plaintiff had been paid, and that at the trial the defendants tendered the bond to the plaintiff, which was refused.

The full court to award judgment in accordance with the law and facts.

*W. P. Frye & J. B. Cotton* for the plaintiff.

The note was given in consideration of the bond. A promise is a good consideration for a promise. 1 Pars. on Con. 373. Met. on Con. 182. The promise is not for the land, but for a promise. The estate is not the moving cause, as in *Rice* v. *Goddard*, 14 Pick. 296. But the promise, as in *Trask* v. *Vinson*, 20 Pick. 105. *Reed* v. *Cummings*, 2 Greenl. 82. *Smith* v. *Lincoln*, 15 Mass. 72. *Lloyd* v. *Jewell*, 1 Greenl. 352. 1 Pars. on Con. 383–4.

Jennings simply held the land for security of a comparatively nominal sum, and the plaintiff had the right to dispose of it at any time by paying off Jennings.

The having the title at the time of making the bond is a non-essential. *Trask* v. *Vinson, supra.* 2 Pars. on Con. 266. The inducement was not that the obligor was seized of the land, but his promise to convey. *Pratt* v. *Philbrook,* 33 Maine, 22. *Daniel* v. *Mitchell,* 1 Story, 172. The words " possessed and seized in fee " do not change the contract, whether they are in or out of the bond. If the false representation is not the inducement, it will not avoid the contract. ' *Bronson* v. *Wiman,* 8 N. Y. 182.

It cannot support charge of fraud. It was put into the bond by the scrivener as mere matter of form, both parties knowing at the time what the real facts were.

The principle of *caveat emptor* applies. The common law does not require the vender to disclose defects which are open to the observation of both parties. *Bean* v. *Herrick,* 12 Maine, 262. *Prentiss* v. *Russ,* 16 Maine, 30. Jeremy on Eq. 385. *Sibbons* v. *Eddy,* 4 Mason, 414. *Pratt* v. *Philbrook, supra.*

" The buyer of land is at his peril to see to the title." *Parley* v. *Freeman,* 3 T. R. 56.

The policy of the law is not to promote negligence, but reasonable diligence.

The defendants did not rescind within a reasonable time. *Stevens* v. *McIntire,* 14 Maine, 17. *Pratt* v. *Philbrook, supra.*

The representation was not made with design to misrepresent a material fact.

The defendant must rely on his bond for the performance of the agreement. *Reed* v. *Cummings,* 2 Greenl. 82. *Smith* v. *Sinclair,* 15 Mass. 171; *George* v. *Stockton,* 1 Ala. 136. *Wood* v. *Morgan,* 1 Morris, 179. *Head* v. *Bowers,* 23 Pick. 461.

*Pulsifer & Frost,* for the ·defendants.

APPLETON, C. J. This suit is upon a note of the defendants, the consideration of which is a bond given by the plaintiff, con-

ditioned to convey a tract of land therein described to them upon their payment of certain notes specified in the bond.

The bond alleges that "said Freeman Coburn is possessed and seized in fee of a certain tract or parcel of land situated in Greene, aforesaid, bounded as follows," &c., then giving the boundaries. In fact, however, the plaintiff was not "possessed and seized in fee" of the premises contracted to be conveyed, having only a bond from the legal owners, which he permitted to be forfeited before the maturity of the note in suit, but of which he afterwards obtained a renewal. It does not appear that he has now acquired the title.

The defendants seek to avoid their liability, on the ground that the plaintiff was guilty of a fraudulent misrepresentation of his title, by stating that he was "possessed in fee" of the premises, when he had no title thereto. A promissory note, founded on the payee's bond to convey to the promisor land belonging to a third person, is not void for want of consideration. *Trask* v. *Vinson*, 20 Pick. 108. It is a promise for a promise,—one being the consideration of the other. "Whether the contractor would be bound to disclose his want of title, or whether the omission to do so would be such a *suppressio veri* as would render the contract voidable, are questions," observes Morton, J., "which we are not now required to decide."

A material misrepresentation in reference to the essentials of a contract will justify a party deceived thereby in rescinding the same.

In *Trask* v. *Vinson*, *supra*, the contract was "executory, and contained no stipulation that the contractor was then seized of the estate." In the case before us there is the express assertion, that the obligor "is possessed and seized in fee" of the land described in the bond.

Now for what were the defendants contracting? Not for a lawsuit, the result of which might be a sum in damages. The contract was for the land which one was to convey, and for which the defendants were to pay. Whether the obligor had or had not a legal title was material. If he had the title, a court of equity would compel him to convey the premises upon a performance, by the defendants,

of what was to be done and performed by them. If the obligor had no title, as he might never obtain any, all the obligees could recover would be the damages sustained, and thus the object of the party contracting for the land would be defeated. The defendants had a right to rely on the assertions of the plaintiff, as to his title, and the latter cannot complain if, finding those assertions false, they seek to avoid their liability. *Stow* v. *Towle*, 22 Pick. 166.

The obligor, if he would tender a deed, it must be one conveying the title. To tender one conveying no title would not be deemed a performance. The title is manifestly of the essence of the contract, and a false assertion in relation thereto cannot be deemed other than material. When a vender of an estate had made a fraudulent misrepresentation of the title, the vendee is entitled, in equity, to a rescission of his contract. *Harris* v. *Carter*, 3 Stew. 233.

It was not necessary for the defendants to return their bond. They may rely on the misrepresentations of the plaintiff as a defense without returning the bond. *Wyman* v. *Heald*, 17 Maine, 329.

*Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.